# Exhibit 1

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

2/4/2025 4:45:07 PM

Clerk of the Superior Court
By M. Guyot          ,Deputy Clerk

1  Donald R. Holben, Esq. (SBN 108401)
2  Lorraine M. Nisbet, Esq. (SBN 264389)
   Charlotte S. Barone, Esq. (SBN 319676)
3  DONALD R. HOLBEN & ASSOCIATES, APC
   5030 Camino de la Siesta, Suite 350
4  San Diego, CA 92108
   Telephone: (619) 220-5555
5  Facsimile: (619) 220-0033
   Email: lmn@sandiegotrialattorneys.com
6  Email: cb@sandiegotrialattorneys.com

7  Attorneys for Plaintiff, RALPH FEUER, Ph.D.

8

9

10          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11            COUNTY OF SAN DIEGO – CENTRAL DIVISION

12

13  RALPH FEUER, Ph.D., an individual,          Case No.:   25CU006136C

14                                              [UNLIMITED CIVIL]
                        Plaintiff,
15                                              COMPLAINT FOR DAMAGES FOR:

16  v.
                                                1. Discrimination Based on Physical
17  THE BOARD OF TRUSTEES OF THE                   Disability, Mental Disability, and Medical
    CALIFORNIA STATE UNIVERSITY dba                Condition (Gov. Code § 12940 et seq.);
18  SAN DIEGO STATE UNIVERSITY, a public        2. Failure to Prevent Discrimination and
    entity; SAN DIEGO STATE RESEARCH               Harassment (Gov Code § 12940(k);
19  FOUNDATION, a California non-profit        3. Hostile Work Environment (Gov. Code §§
    corporation; and DOES 1 through 25,            12923 & 12940(j);
20  inclusive,                                  4. Retaliation (Gov. Code § 12940(h);
                                                5. Negligent Hiring/Supervision/Retention;
21                      Defendants.             6. Intentional Infliction of Emotional Distress;
                                                7. Retaliation and Discrimination in Violation
22                                                 of Public Policy;
                                                8. Violation of the Unruh Civil Rights Act,
23                                                 Civil Code § 51, et seq.;
                                                9. Violation of the Rehabilitation Act; and
24                                              10. Violation of the Americans With
                                                   Disabilities Act ("ADA");
25                                              11. Failure to Accommodate (Gov. Code §
                                                   12940(m); and
26                                              12. Violation of Privacy: Public Disclosure of
                                                   Private Facts.
27
                                                [DEMAND FOR JURY TRIAL]
28

                                    1
                         COMPLAINT FOR DAMAGES

COMES NOW, PLAINTIFF, RALPH FEUER, Ph.D., who alleges, on information and belief, as follows:

I.

## SUMMARY OF ALLEGATIONS

1.    This is an action arising out of the Plaintiff's employment with Defendants The Board of Trustees of the California State University System dba San Diego State University, and the San Diego State University Research Foundation.  Plaintiff is a 55-year-old man who has been subjected to ongoing harassment, discrimination, and retaliation based on his physical disability, mental disability, and medical condition. Plaintiff has also been deprived of reasonable accommodations, as well as access to his accumulated paid time off/sick time in excess of 300 hours and continues to face ongoing threats of being retaliated against for the same reasons, above.  All of the foregoing resulted in a hostile work environment for Plaintiff.

2.    Plaintiff RALPH FEUER, Ph.D. ("Plaintiff") is, and all relevant times hereto was, a resident of the County of San Diego, State of California.

3.    Plaintiff is informed and believes, and thereon alleges, that Defendant THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY dba SAN DIEGO STATE UNIVERSITY ("SDSU") is, and at all relevant times hereto was, a public entity with its principal place of business in the County of San Diego, State of California.

4.    Plaintiff is informed and believes, and thereon alleges, that Defendant SAN DIEGO STATE UNIVERSTIY RESEARCH FOUNDATION ("SDSURF") is, and at all relevant times hereto was, a California non-profit corporation with its principal place of business in the County of San Diego, State of California.  SDSURF is authorized by California's Education Code to support San Diego State University.

5.    Plaintiff is ignorant of the true names and capacities of the parties sued herein as DOES 1-25, and therefore sues them under such fictitious names.  Upon learning their true names and capacities, Plaintiff will amend the Complaint to reflect the same.

6.    <u>Agency</u>.  Plaintiff is informed and believes, and thereon alleges, that each Defendant herein was an agent, employee, or representative of the remaining Defendants, and

2

**COMPLAINT FOR DAMAGES**

EX 1-003

1 each of them, and that each Defendant was acting within the course, scope, and authority of that

2 relationship, and that each Defendant ratified each other's conduct, and acted negligently in the

3 matters hereinafter alleged; acted in concert with the other Defendants; and/or was an aider and

4 abettor with others as to the conduct alleged.

**II.**

**FACTUAL BACKGROUND**

7.  Plaintiff is a 55-year-old man with over 18 years of experience as a professor. Plaintiff has a visible love for education and enjoys teaching biology, amongst performing educational research and drafting and publishing scholarly articles based on his research. Plaintiff began working with SDSU in 2007, first as an Assistant Professor in the Department of Biology; then, from 2011 to present, as an Associate Professor with Tenure in the Department of Biology as well as the Program Director of the SDSU/California Institute for Regenerative Medicine ("CIRM"), Stem Cell Internship Program – the most successful training program at SDSU. Plaintiff is an accomplished virologist and researcher specializing in viral pathogenesis and stem cell infection dysfunction who has been awarded over $11,000,000.00 in direct grant funding, and over $1,500,000 in indirect funding, over the past 18 years from CIRM and the National Institute for Health ("NIH"), which he brought into SDSU.

8.  Plaintiff's research laboratory, which investigates the connection between persistent enteroviral infections, susceptibility of stem cells to infect, and human disease, is directly responsible for obtaining over $9,100,00.00 via direct funding, and over $940,000.00 via indirect funding, in grants for research and training.

9.  Plaintiff's procurement of such extraordinary funding has put Plaintiff on a small list of Biology Department and College of Sciences' faculty – one of 9 – for eligibility for Grant-Related/Specially Funded Instructional Faculty ("GRSFIF") appointments. Notably, SDSU has offered Plaintiff eligibility for a GRSFIF appointment for the past nine years straight.

10.  In February 2022, Plaintiff suffered a serious stroke. While he has made a significantly stronger recovery than doctors had anticipated, Plaintiff suffers from memory, cognitive, and speech issues that require rehabilitative therapies and accommodations at work.

3

**COMPLAINT FOR DAMAGES**

11.    Plaintiff, unfortunately, has been subjected to discrimination, harassment, and retaliation based upon his physical disability, mental disability, and mental condition arising out of his employment as an Associate Professor and Researcher with SDSU and SDSURF, respectively. At all times herein mentioned, Plaintiff was working in the course and scope of his employment with SDSU and SDSURF.

12.    Following his stroke, Plaintiff requested a reasonable period of medical leave to focus on regaining his health.

13.    Plaintiff has further continuously requested reasonable accommodations to perform the duties of his position with Defendant SDSU, including but not limited to: providing him with a Teachers' Assistant ("TA"), to assist with his 500 students, and the option to lecture remotely, due to his disabilities, which Defendants denied.

14.    Further, Defendants have, repeatedly, declined to engage in the Interactive Process to accommodate Plaintiff's disabilities.

15.    In fact, upon learning of Plaintiff's requests, in addition to precluding Plaintiff from using his over 300 hours of paid time off, Defendant SDSU violated Plaintiff's privacy by disclosing to Defendant SDSURF Plaintiff's confidential medical condition. Defendant SDSU further directed Defendant SDSURF to: terminate Plaintiff (which they did), without notifying him; revoke his access to his BRIDGES grant without notifying him; revoke his research grants; deny Plaintiff's request to take his sabbatical; and deny his request to take medical leave from Defendant SDSU while continuing to work for Defendant SDSURF to rehabilitate himself.

16.    Defendants further violated Plaintiff's privacy rights, in violation of HIPPA laws, by disclosing his private medical information to Plaintiff's granting agency, CIRM, in a concerted effort to illegally and administratively confiscate Plaintiff's multi-million dollar grant from CIRM without notice.

17.    Defendants have also defamed and discredited Plaintiff to CIRM, his students, SDSU faculty, colleagues, and regional collaborators and have tainted Plaintiff's reputation in the scientific field.

///

18.    Additionally, while Plaintiff was in the hospital following his stroke, the SDSU Biology Department illegally utilized Plaintiff's personal property – his recorded lectures – to continue instructing his course, while *restricting Plaintiff's SDSURF pay and terminating his SDSURF position without notice.*

19.    Defendant's unlawful, defamatory, and discriminatory behavior is a legal, direct, and proximate cause, and a substantial factor in causing Plaintiff to suffer significant harm and damages including but not limited to the likelihood of consideration of his application for full promotion to full Professor this year being biased and discriminatory and ultimately denied based on his illegally revealed medical condition and physical and mental disabilities; continued deprivation of multi-million dollar research grants; the permanent reputational harm he has suffered among his peers, students, colleagues, and the like in his profession; financial hardship by SDSURF's refusal to pay Plaintiff until he returned to active teaching of SDSU classes and return from SDSU union-negotiated "sick leave"; deprivation of Plaintiff's access to his more than 300 hours of accumulated paid time off; and the significant interference with and delay of Plaintiff's rehabilitation due to Defendants' unreasonable requirement that Plaintiff return to work too soon, requiring Plaintiff to terminate his medical treatment, significantly impacting his anxiety, depression, and overall recovery from his medical condition and disabilities; significant loss of past and future earnings; and pain and suffering.

20.    Defendants continue to threaten Plaintiff with retaliation based on his disability status, rather than providing aid and support for his recovery efforts.

21.    Importantly, with the exception of three weeks during February/March of 2022, Plaintiff has always been able to and was fulling all of his responsibilities for Defendant SDSURF.

22.    This is a clear-cut case of disability and medical discrimination that is prohibited under California law, the Americans with Disabilities Act, and The Rehabilitation Act.

23.    In summary, SDSU and SDSURF have defamed Plaintiff; have failed to provide a safe work environment for Plaintiff; and have harassed/discriminated against Plaintiff on the basis of his physical disability, mental disability, and medical condition in an attempt to illegally

5

**COMPLAINT FOR DAMAGES**

pilfer Plaintiff's extensive grant funds.

### III.

### EXHUASTION OF ADMINISTRATIVE REMEDIES

24.     Prior to the filing of this Complaint, Plaintiff filed a Complaint against SDSU and SDSURF with the California Civil Rights Department (fka the California Department of Fair Employment and Housing ("DFEH") ("CRD"), alleging that the adverse actions taken by SDSU and SDSURF against him were based on an actual or perceived mental disability, physical disability, and medical condition, and has received a Right to Sue notice from the CRD on October 14, 2024.

25.     Prior to the filing of this Complaint, Plaintiff filed a Government Tort Claim with The California State University on October 14, 2024.  The California State University formally rejected this claim, in writing, on December 11, 2024.

### IV.

### JURISDICTION AND VENUE

26.     The Court has jurisdiction over this action because the amount in controversy, exclusive of costs and interests, exceeds the sum of $35,000.00.

27.     Venue is proper under Government Code section 12965(b) and other applicable laws, because the unlawful practices alleged herein were committed in the City of San Diego, County of San Diego, State of California and within the jurisdiction of the Central Division of the San Diego Superior Court.  In addition, venue is proper in this Court pursuant to Code of Civil Procedure section 395 in that SDSU and SDSURF are located within the above geographical area and Plaintiff is informed and believes and based thereon alleges that the individual defendants reside within this geographical area.

///

///

///

///

///

COMPLAINT FOR DAMAGES

EX 1-007

## V.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Discrimination Based on Physical Disability, Mental Disability, and Medical Condition, Pursuant to Cal. Gov. Code § 12940 et seq. Against Defendants SDSU, SDSURF, and DOES 1-25, Inclusive)**

28.     Plaintiff realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29.     Defendants discriminated against Plaintiff because of his physical disability, mental disability, and medical condition.   Plaintiff was subjected to harassment, disparate treatment, and adverse employment actions by Defendants because of his protected statuses under the above categories all in violation of California Gov. Code § 12940(a) et seq. of the Fair Housing and Employment Act (FEHA).

30.     The adverse employment actions that were taken against Plaintiff included, but are not limited to, the following:

[1]     The failure of SDSU and SDSURF to prevent or stop the harassment of Plaintiff;

[2]     The failure of SDSU and SDSURF to provide a workplace free of discrimination and harassment;

[3]     The failure of SDSU and SDSURF to prevent or stop SDSU and SDSURF Employees, Faculty, Staff, and Students from harassing and discriminating against Plaintiff;

[4]     The failure by SDSU and SDSURF to engage in the Interactive Process with Plaintiff to accommodate Plaintiff's disabilities;

[5]     The failure of SDSU and SDSURF to provide Plaintiff with reasonable accommodations to complete his work;

///

///

**COMPLAINT FOR DAMAGES**

1         [6]    The abhorrent violation of Plaintiff's privacy rights under HIPPA laws by

2    Defendant SDSU's disclosure of Plaintiff's private medical information to others,

3    including but not limited to Defendant SDSURF;

4         [7]    The wrongful termination of Plaintiff from his research position with

5    SDSURF;

6         [8]    Defendants SDSU and SDSURF's wrongful preclusion of Plaintiff's right

7    to use his accumulated paid time off/sick time; and

8         [9]    Defendants SDSU and SDSURF's wrongful refusal to allow Plaintiff to

9    take his sabbatical.

10        31.    Defendants' willful, knowing, and intentional discrimination against Plaintiff in

11    the workplace is a direct, legal, and proximate cause, and substantial factor in causing Plaintiff

12    to suffer in the past, and the future, pain, humiliation, and emotional distress all of which are not

13    currently ascertained but which will be proven at trial. As a further direct, proximate, and legal

14    result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff

15    has suffered and will continue to suffer a loss of earnings and other employment benefits and job

16    opportunities in an amount not currently ascertained but which will be proven at trial. Plaintiff

17    is, therefore, entitled to general and compensatory damages in an amount to be proven at the time

18    of trial but in excess of the minimum jurisdictional limit of this Court.

19        32.    As a further direct, proximate, and legal result of Defendants' violations of the

20    FEHA, as hereinabove described, Plaintiff has been compelled to retain the services of counsel

21    in an effort to enforce the terms and conditions of the employment relationship with Defendants

22    SDSU and SDSURF, and to redress their violations of the FEHA and has, thereby, incurred and

23    will continue to incur legal fees and costs, the full nature and extent of which are presently

24    unknown to Plaintiff. Plaintiff is entitled to an award of attorney's fees and costs pursuant to Cal

25    Gov. Code § 12965(b) and any other applicable law.

26    ///

27    ///

28    ///

8

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

**(Failure To Prevent Discrimination and Harassment Pursuant to Gov. Code § 12940(k)**

**Against Defendants SDSU, SDSURF, and DOES 1-25, Inclusive)**

33.     Plaintiff realleges and incorporates by reference herein the allegations contained within Paragraphs 1 through 32, inclusive, of this Complaint as though fully set forth herein.

34.     Defendants, and each of them, knew, or should have known, that Plaintiff was subjected to a work environment in which his physical disability, mental disability, and medical condition were substantial factors in Plaintiff being subjected to harassment, intimidation, retaliation, and adverse employment actions against him.  Defendants knew, or should have known, of the harassment, intimidation, retaliation, and adverse employment actions to which Plaintiff was subjected since he informed Defendants of his stroke, and yet Defendants took no action to prevent the same which continues through today.  In fact, rather than taking actions to prevent this unlawful, discriminatory, and harassing behavior, Defendants continue to threaten Plaintiff with retaliation to this day.  The actions and failures to act by the Defendants constitute a failure to take all reasonable steps to prevent discrimination from occurring in violation of California Gov't Code, § 12940(k).

35.     Defendants' wrongful conduct is a direct, legal, and proximate cause, and substantial factor in causing Plaintiff to suffer past and future pain, humiliation, and emotional distress all in an amount not currently ascertained but which will be proven at trial.  As a further direct, proximate, and legal result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and opportunities all in an amount not currently ascertained but which will be proven at trial.

36.     As a further direct, proximate, and legal result of Defendants' violations of the FEHA as hereinabove described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants, SDSU and SDSURF, and to redress their violations of the FEHA and has, thereby, incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.  Plaintiff is entitled to an award of attorney's fees and costs pursuant to Cal

9

EX 1-010

Gov. Code § 12965(b) and any other applicable law.

## THIRD CAUSE OF ACTION

**(Hostile Work Environment Pursuant to Gov. Code §§ 12923 and 12940(j) Against Defendants SDSU, SDSURF, and DOES 1-25, Inclusive)**

37.     Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 36, inclusive, as if fully set forth herein.

38.     Plaintiff claims that he was subjected to harassment based his physical disability, mental disability, and medical condition at SDSU and SDSURF and that this harassment created a work environment that was hostile, intimidating, offensive, oppressive, and/or abusive in violation of Gov. Code §§ 12923 and 12940(j).

39.     Plaintiff is, and at all relevant times herein, was an employee with Defendants SDSU and SDSURF.

40.     Plaintiff was subjected to harassing conduct because he suffered a stroke that resulted in him having a physical disability, a mental disability, and a medical condition.

41.     The harassing conduct by the SDSU and SDSURF employees, faculty, staff, and/or students was severe or pervasive.

42.     A reasonable 54-year-old man in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

43.     Plaintiff indeed considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.  This was reported to Human Resources orally and/or in writing.

44.     Various supervisors, coworkers, and managers engaged in the conduct.

45.     Defendants SDSU and SDSURF and its supervisors and agents knew, or should have known, of the conduct and failed to take immediate and appropriate corrective action.

46.     Plaintiff was harmed.

47.     Defendants' wrongful conduct is a direct, legal, and proximate cause, and substantial factor in causing Plaintiff to suffer past and future pain, humiliation, and emotional distress all in an amount not currently ascertained but which will be proven at trial.  As a further

10

**COMPLAINT FOR DAMAGES**

EX 1-011

1  direct, proximate, and legal result of Defendants' wrongful conduct, Plaintiff has suffered and

2  will continue to suffer a loss of earnings and other employment benefits and opportunities all in

3  an amount not currently ascertained but which will be proven at trial.

4      48.    As a further direct, proximate, and legal result of Defendants' violations of the

5  FEHA as hereinabove described, Plaintiff has been compelled to retain the services of counsel in

6  an effort to enforce the terms and conditions of the employment relationship with Defendants,

7  SDSU and SDSURF, and to redress their violations of the FEHA and has, thereby, incurred and

8  will continue to incur legal fees and costs, the full nature and extent of which are presently

9  unknown to Plaintiff. Plaintiff is entitled to an award of attorney's fees and costs pursuant to Cal

10  Gov. Code § 12965(b) and any other applicable law.

11      49.    The acts of Defendants SDSU, SDSURF, and DOES 15-25 were willful,

12  wanton, malicious, oppressive, and in conscious disregard for the rights of Plaintiff, and justify

13  the awarding of punitive damages pursuant to Civil Code Section § 3294 according to proof **as**

14  **to SDSURF and individual defendants only.**

15      **FOURTH CAUSE OF ACTION**

16  **(Retaliation Pursuant to Gov. Code § 12940(h) Against Defendants SDSU, SDSURF, and**

17  **Does 1 through 25, Inclusive)**

18      50.    Plaintiff realleges and incorporates by reference herein the allegations contained

19  in Paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth herein.

20      51.    At all times herein mentioned Plaintiff was engaged in protected activity in

21  reporting and complaining to responsible persons with Defendants SDSU and SDSURF that

22  Plaintiff's coworkers, managers, and/or supervisors were harassing Plaintiff, that SDSU and

23  SDSURF employees were subjecting Plaintiff to discrimination on the basis of his physical

24  disability, mental disability, and medical condition, and, further, in reporting that Plaintiff had

25  been subjected to discrimination based on the protected categories described above.

26      52.    As a direct, proximate, and legal result of Plaintiff's protected activity the

27  Defendants, and each of them, undertook the following adverse employment actions against

28  Plaintiff in violation of Gov. Code § 12940(h) and other applicable law:

**COMPLAINT FOR DAMAGES**

EX 1-012

[1]    Defendants SDSU and SDSURF's failure to prevent or stop the harassment of Plaintiff;

[2]    Defendants SDSU and SDSURF's failure to provide a workplace free of discrimination and harassment;

[3]    Defendants SDSU and SDSURF's failure to prevent or stop SDSU and SDSURF Employees, Faculty, Staff, and Students from harassing and discriminating against Plaintiff;

[4]    Defendants SDSU and SDSURF's failure to engage in the Interactive Process with Plaintiff to accommodate Plaintiff's disabilities;

[5]    Defendants SDSU and SDSURF's failure to provide Plaintiff with reasonable accommodations to complete his work;

[6]    Defendants SDSU and SDSURF's violation of Plaintiff's privacy rights under HIPPA laws by Defendant SDSU's disclosure of Plaintiff's private medical information to others, including but not limited to Defendant SDSURF;

[7]    Defendants SDSU and SDSURF's wrongful termination of Plaintiff from his research position with SDSURF;

[8]    Defendants SDSU and SDSURF's wrongful preclusion of Plaintiff's right to use his accumulated paid time off/sick time; and

[9]    Defendants SDSU and SDSURF's wrongful refusal to allow Plaintiff to take his sabbatical.

53.    Plaintiff is informed and believes and based thereon herein alleges that his physical disability, mental disability, and medical condition were a causal link between the adverse employment actions taken against him by Defendants.

54.    Defendants' retaliation is a direct, legal, and proximate cause, and substantial factor in causing Plaintiff to suffer past and future pain, humiliation, and emotional distress all of which are not currently ascertained but which will be proven at trial. As a direct, proximate, and legal result of Defendants' retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

12

**COMPLAINT FOR DAMAGES**

1  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven

2  at the time of trial in excess of the minimum jurisdictional limit of this Court.

3       55.    As a further direct, proximate, and legal result of Defendants' retaliation against

4  Plaintiff, Plaintiff has been compelled to retain the services of counsel in an effort to redress

5  Defendants' violation of the FEHA and has, thereby, incurred and will continue to incur legal

6  fees and costs, the full nature and extent of which are presently unknown to Plaintiff. Plaintiff is

7  entitled to an award of attorney's fees and costs pursuant to Cal Gov. Code § 12965(b) and any

8  other applicable law.

9       56.    The acts of Defendants SDSU, SDSURF, and DOES 15-25 were willful, wanton,

10  malicious, oppressive, and in conscious disregard for the rights of Plaintiff, and justify the

11  awarding of punitive damages pursuant to Civil Code Section § 3294 according to proof **as to**

12  **SDSURF and individual defendants only.**

13  <u>**FIFTH CAUSE OF ACTION**</u>

14  **(Negligent Hiring/Supervision/Retention**

15  **Against Defendants SDSU, SDSURF, and DOES 15 - 25)**

16       57.    Plaintiff realleges and incorporates by reference each and every allegation of

17  Paragraphs 1 through 56, inclusive, as if fully set forth herein.

18       58.    Plaintiff claims that he was harmed and that Defendants SDSU and SDSURF are

19  responsible for that harm because Defendants SDSU and SDSURF negligently hired, supervised,

20  and/or retained employees who engaged in unlawful discrimination and/or other unlawful

21  practices against Plaintiff based upon his protected categories.

22       59.    Defendants employ employees who work at SDSU and SDSURF with Plaintiff.

23       60.    Defendants SDSU and SDSURF's employees were and/or became unfit or

24  incompetent to perform the work for which they were hired when they began to harass and

25  discriminate against Plaintiff.

26       61.    Defendants SDSU and SDSURF knew, or should have known, that its employees

27  were unfit and/or incompetent and/or became unfit and/or incompetent and that this unfitness

28  and/or incompetence created a particular risk to others such as Plaintiff.

62.    Defendants SDSU and SDSURF's employees' unfitness and/or incompetence harmed Plaintiff.

63.    Defendants SDSU and SDSURF's negligence in hiring, supervising, and/or retaining Defendant's employees was a direct, legal, and proximate cause, and substantial factor in causing Plaintiff's harm.

64.    As a further direct, proximate, and legal result of the negligence of Defendants, Plaintiff has suffered and will continue to suffer pain, humiliation, and emotional distress all of which are not currently ascertained but which will be proven at trial.  As a direct, proximate, and legal result of Defendants' negligence, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at the time of trial in excess of the minimum jurisdictional limit of this Court.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress Against

### Defendants SDSU, SDSURF, and DOES 15 - 25)

65.    Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 64, inclusive, as if fully set forth herein.

66.    Plaintiff claims that Defendants SDSU, SDSURF, and DOES 15-25's conduct caused him to suffer severe emotional distress.

67.    Defendants SDSU, SDSURF, and DOES 15-25's conduct as alleged herein was outrageous and intended to cause Plaintiff emotional distress. These acts were extreme and outrageous such that they exceeded all bounds of decency tolerated by society.

68.    Defendants SDSU, SDSURF, and DOES 15-25 acted with reckless disregard of the probability that Plaintiff would suffer emotional distress knowing that Plaintiff was present when the conduct occurred.

69.    Plaintiff has suffered severe emotional distress.

70.    Defendants SDSU, SDSURF, and DOES 15-25's conduct was a direct, legal, and proximate cause, and substantial factor in causing Plaintiff's severe emotional distress.

14

**COMPLAINT FOR DAMAGES**

EX 1-015

71.    Defendants SDSU, SDSURF, and DOES 15-25's acts were performed with the intent to cause Plaintiff severe emotional distress, and they did cause Plaintiff severe emotional distress.

72.    By reason of the wrongful and malicious acts of Defendants, Plaintiff has suffered severe physical and mental anguish and pain all to his damage in a sum according to proof.

73.    The acts of Defendants SDSU, SDSURF, and DOES 15-25 were willful, wanton, malicious, oppressive, and in conscious disregard for the rights of Plaintiff, and justify the awarding of punitive damages pursuant to Civil Code Section § 3294 according to proof **as to SDSURF and individual defendants only**.

74.    Plaintiff is informed and believes and based thereon alleges that Plaintiff sustained other and further damages, the nature and extent of which will be determined according to proof.

75.    Each of these acts and omissions by Defendant SDSU's managing agents/employees pursuant to Government Code § 815.2 and § 820(a), were undertaken in the course and scope of their employment with SDSU.

## SEVENTH CAUSE OF ACTION

### (Retaliation and Discrimination in Violation of Public Policy

### Against Defendants SDSU, SDSURF, and DOES 1 - 25)

76.    Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 75, inclusive, as if fully set forth herein.

77.    It is the fundamental public policy of the State of California that employees are protected from adverse personnel actions, including retaliation and discrimination, on account of their having engaged in the protected activities of objecting to and/or reporting working conditions believed to be unsafe, unhealthy, or otherwise in violation of state or federal law. California law, including but not limited to Labor Code Sections 1102.5 and 6300 et seq., embody these fundamental public policies and protect employees like Plaintiff who protest threats of unsafe, hostile working conditions or working conditions otherwise in violation of state and/or federal law and who report them to their employer.

/ / /

**COMPLAINT FOR DAMAGES**

EX 1-016

78.    Plaintiff objected to and reported the harassment, violation of his privacy rights, and wrongful termination of his employment due to his physical and mental disabilities and medical condition, and he sought the assistance and protection of Defendants SDSU and SDSURF as his employers. In retaliation therefor, Defendants failed and refused to take any action to address the harassment, dissemination of Plaintiff's personal and private medical information, and pilfering of Plaintiff's grant funds; Defendants further failed to provide Plaintiff with reasonable accommodations; precluded Plaintiff from using his over 300 hours of paid time off/sick time; precluded Plaintiff from taking his sabbatical; forced Plaintiff to return to work prematurely to avoid financial ruin, disrupting and impeding his necessary medical treatment; removed Plaintiff from his research position; failed to pay Plaintiff while out on medical leave; unlawfully confiscated and pilfered Plaintiff's grant funds; defamed Plaintiff and tarnished his professional reputation in the scientific world amongst his peers, faculty, staff, students, and the like. Defendants' conduct materially violated the fundamental public policies set forth above and constituted unlawful retaliation and discrimination.

79.    As a direct, proximate, and legal result of the acts and omissions of Defendants, Plaintiff has suffered and will continue to suffer pain, humiliation, and emotional distress all of which are not currently ascertained but which will be proven at trial.  As a further direct, proximate, and legal result of Defendants' acts and omissions, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at the time of trial in excess of the minimum jurisdictional limit of this Court.

80.    As a further direct, proximate, and legal results of Defendants' retaliation against Plaintiff, Plaintiff has been compelled to retain the services of counsel in an effort to redress Defendants' retaliation and discrimination in violation of public policy and violations of the Labor Code and has, thereby, incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff. Plaintiff seeks to vindicate substantial public policies which stand to protect the public at large and therefore Plaintiff hereby seeks the recovery of his attorneys' fees and costs, including pursuant to the private attorney

16
COMPLAINT FOR DAMAGES

EX 1-017

1   general theory under Code of Civil Procedure Section 1021.5.

2       81.    The acts of Defendants SDSU, SDSURF, and DOES 15-25 were willful, wanton,

3   malicious, oppressive, and in conscious disregard for the rights of Plaintiff, and justify the

4   awarding of punitive damages pursuant to Civil Code Section § 3294 according to proof **as to**

5   **SDSURF and individual defendants only.**

6                              **EIGHTH CAUSE OF ACTION**

7          **(Violation of the Unruh Civil Rights Act, Civil Code, § 51, et seq. Against**

8                    **Defendants SDSU, SDSURF, and DOES 1-25)**

9       82.    Plaintiff realleges and incorporates by reference each and every allegation of

10  Paragraphs 1 through 81, inclusive, as if fully set forth herein.

11      83.    Defendants SDSU, SDSURF, and DOES 1-25 discriminated against Plaintiff and

12  denied Plaintiff full and equal access to a reasonably safe work environment, free from

13  harassment and hostility.

14      84.    The substantial motivating reason for Defendants' conduct is Defendants'

15  perception of Plaintiff's physical disability and mental disability.  Plaintiff suffered a stroke in

16  February of 2022, resulting in Plaintiff having disabilities including speech, cognitive, memory,

17  and physical disabilities.

18      85.    Defendants' discriminatory practices in violation of the Unruh Civil Rights Act,

19  Civ. Code § 51, et seq., was a direct, proximate, and legal cause, and substantial factor in causing

20  Plaintiff to suffer past and future pain, humiliation, and emotional distress all in an amount not

21  currently ascertained but which will be proven at trial.  As a further direct, proximate, and legal

22  result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer a loss

23  of earnings and other employment benefits and opportunities all in an amount not currently

24  ascertained but which will be proven at trial.

25      86.    As a further direct, proximate, and legal result of Defendants' violations of the

26  Unruh Civil Rights Act, Civil Code § 51, et seq. as hereinabove described, Plaintiff has been

27  compelled to retain the services of counsel in an effort to redress Defendants' violations of the

28  Unruh Civil Rights Act, Civil Code § 51, et seq. and has, thereby, incurred, and will continue to

**COMPLAINT FOR DAMAGES**

EX 1-018

1  incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

2  Plaintiff is entitled to an award of attorney's fees.  (Civil Code § 52.)

3      87.    Plaintiff is further entitled to, and seeks, treble damages for Defendants SDSU,

4  SDSURF, and DOES 1-25's violation of the Unruh Civil Rights Act, Civil Code § 51, et seq.

5  ### NINTH CAUSE OF ACTION

6  **(Violation of Section 504 of the Rehabilitation Act Against**

7  **Defendants SDSU, SDSURF, and DOES 1-25)**

8      88.    Plaintiff realleges and incorporates by reference each and every allegation of

9  Paragraphs 1 through 87, inclusive, as if fully set forth herein.

10     89.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times

11  herein mentioned, Defendants SDSU, SDSURF, and DOES 1-25 have, maintain, run, and/or

12  facilitate activities and/or programs for which they receive federal funding.

13     90.    Defendants SDSU, SDSURF, and DOES 1-25 discriminated against Plaintiff and

14  denied Plaintiff full and equal access to a reasonably safe work environment, free from

15  harassment and hostility.

16     91.    The substantial motivating reason for Defendants' conduct is Defendants'

17  perception of Plaintiff's physical disability and mental disability.  Plaintiff suffered a stroke in

18  February of 2022, resulting in Plaintiff having disabilities including speech, cognitive, memory,

19  and physical disabilities.

20     92.    Defendants' discriminatory practices in violation of the Rehabilitation Act § 504

21  were a direct, proximate, and legal cause, and substantial factor in causing Plaintiff to suffer past

22  and future pain, humiliation, and emotional distress all in an amount not currently ascertained

23  but which will be proven at trial.  As a further direct, proximate, and legal result of Defendants'

24  wrongful conduct, Plaintiff has suffered and will continue to suffer a loss of earnings and other

25  employment benefits and opportunities all in an amount not currently ascertained but which will

26  be proven at trial.

27     93.    As a further direct, proximate, and legal result of Defendants' violations of the

28  Rehabilitation Act § 504 as hereinabove described, Plaintiff has been compelled to retain the

services of counsel in an effort to redress Defendants' violations of the Rehabilitation Act § 504 and has, thereby, incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 794a(b) and any other applicable law.

### TENTH CAUSE OF ACTION

**(Violation of American with Disabilities Act ("ADA"), Against Defendants SDSU, SDSURF, and DOES 16-25)**

94.    Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 93, inclusive, as if fully set forth herein.

95.    Plaintiff is informed and believes, and thereon alleges, that Defendants SDSU, SDSURF, and DOES 16-25 are public entities and/or places of public accommodation.

96.    Defendants SDSU, SDSURF, and DOES 16-25 discriminated against Plaintiff and denied Plaintiff full and equal access to a reasonably safe work environment, free from harassment and hostility.

97.    The substantial motivating reason for Defendants' conduct is Defendants' perception of Plaintiff's physical disability and mental disability. Plaintiff suffered a stroke in February of 2022, resulting in Plaintiff having disabilities including speech, cognitive, memory, and physical disabilities.

98.    Defendants' discriminatory practices in violation of the ADA were a direct, proximate, and legal cause, and substantial factor in causing Plaintiff to suffer past and future pain, humiliation, and emotional distress all in an amount not currently ascertained but which will be proven at trial. As a further direct, proximate, and legal result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and opportunities all in an amount not currently ascertained but which will be proven at trial.

99.    As a further direct, proximate, and legal result of Defendants' violations of the ADA as hereinabove described, Plaintiff has been compelled to retain the services of counsel in an effort to redress Defendants' violations of the ADA and has, thereby, incurred, and will

**COMPLAINT FOR DAMAGES**

1   continue to incur, legal fees and costs, the full nature and extent of which are presently unknown

2   to Plaintiff. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C.

3   §12205 and any other applicable law.

4                           **ELEVENTH CAUSE OF ACTION**

5   **(Failure to Accommodate Pursuant to Gov. Code § 12940(m) Against Defendants SDSU,**

6                          **SDSURF, and DOES 1-25)**

7           100.    Plaintiff realleges and incorporates by reference each and every allegation of

8   Paragraphs 1 through 99, inclusive, as if fully set forth herein.

9           101.    At all relevant times herein mentioned, Plaintiff was an employee of Defendants

10  SDSU, SDSURF, and DOES 1-25.

11          102.    Plaintiff suffered a stroke in February of 2022, resulting in Plaintiff having

12  disabilities including speech, cognitive, memory, and physical disabilities. As a result, Plaintiff

13  was left with a mental disability, a physical disability, and a medical condition.

14          103.    Defendants knew of Plaintiff's mental disability, physical disability, and medical

15  condition.

16          104.    Plaintiff was able to perform the essential duties of his positions as both an

17  Associate Professor and Researcher with SDSU and SDSURF (SDSU in time, an SDSURF soon

18  after the incident), respectively, with reasonable accommodations for his mental and physical

19  disabilities and medical condition.

20          105.    Defendants failed to provide reasonable accommodations for Plaintiff's mental

21  and physical disabilities and medical condition, despite Plaintiff's request for the same, in

22  violation of Gov. Code § 12940(m).

23          106.    Defendants' failure to provide reasonable accommodations was a direct,

24  proximate, and legal cause, and substantial factor in causing Plaintiff to suffer past and future

25  pain, humiliation, and emotional distress all in an amount not currently ascertained but which

26  will be proven at trial. As a further direct, proximate, and legal result of Defendants' wrongful

27  conduct, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment

28  benefits and opportunities all in an amount not currently ascertained but which will be proven at

**COMPLAINT FOR DAMAGES**

1    trial.

2         107.    As a further direct, proximate, and legal result of Defendants' failure to provide

3    reasonable accommodations as hereinabove described, Plaintiff has been compelled to retain the

4    services of counsel in an effort to redress Defendants' failure to accommodate Plaintiff and has,

5    thereby, incurred and will continue to incur legal fees and costs, the full nature and extent of

6    which are presently unknown to Plaintiff.  Plaintiff is entitled to an award of attorney's fees and

7    costs pursuant to Cal Gov. Code § 12965(b) and any other applicable law.

8                          **TWELTH CAUSE OF ACTION**

9    **(Violation of Privacy: Public Disclosure of Private Facts Against Defendants SDSU,**

10                      **SDSURF, and DOES 1-25)**

11         108.    Plaintiff realleges and incorporates by reference each and every allegation of

12    Paragraphs 1 through 107, inclusive, as if fully set forth herein.

13         109.    Defendants SDSU and/or SDSURF and DOES 1-25 publicized private

14    information concerning Plaintiff.

15         110.    A reasonable person in Plaintiff's position would consider the publicity highly

16    offensive.

17         111.    Defendants SDSU and/or SDSURF knew, or acted with reckless disregard of the

18    fact, that a reasonable person in Plaintiff's position would consider the publicity highly offensive.

19         112.    The private information was not of legitimate public concern, or, did not have a

20    substantial connection to a matter of legitimate public concern.

21         113.    Plaintiff was harmed.

22         114.    Defendants' violation of Plaintiff's privacy and public disclosure of private facts

23    were a direct, proximate, and legal cause, and substantial factor in causing Plaintiff to suffer past

24    and future pain, humiliation, and emotional distress all in an amount not currently ascertained

25    but which will be proven at trial.  As a further direct, proximate, and legal result of Defendants'

26    wrongful conduct, Plaintiff has suffered and will continue to suffer a loss of earnings and other

27    employment benefits and opportunities all in an amount not currently ascertained but which will

28    be proven at trial.

**COMPLAINT FOR DAMAGES**

115.    As a further direct, proximate, and legal results of Defendants' violation of Plaintiff's privacy rights and public disclosure of private facts as hereinabove described, Plaintiff has been compelled to retain the services of counsel in an effort to redress Defendants' violation of Plaintiff's privacy rights and public disclosure of private facts, and has, thereby, incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff. Plaintiff seeks to vindicate substantial public policies which stand to protect the public at large and therefore Plaintiff hereby seeks the recovery of his attorneys' fees and costs, including pursuant to the private attorney general theory under Code of Civil Procedure Section 1021.5

116.    The acts of Defendants SDSU, SDSURF, and DOES 15-25 were willful, wanton, malicious, oppressive, and in conscious disregard for the rights of Plaintiff, and justify the awarding of punitive damages pursuant to Civil Code Section § 3294 according to proof **as to SDSURF and individual defendants only.**

## VI.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages according to proof;

2. For compensatory damages according to proof;

3. For pre-and-post judgment interest as allowable by law;

4. For costs of suit incurred herein as allowable by law;

5. For attorneys' fees according to proof and as allowable by law;

6. For punitive damages as to SDSURF and individual defendants only, in amounts deemed sufficient to punish them make an example of them thereby; and

7. For such other and further relief as the court may deem just and proper.

///

///

COMPLAINT FOR DAMAGES

EX 1-023

## VII.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: February 3, 2025                DONALD R. HOLBEN & ASSOCIATES, APC

By: *Lorraine M. Nisbet*

Lorraine M. Nisbet, Esq.
Charlotte Barone, Esq.
Attorneys for Plaintiff Ralph Feuer, Ph.D.

23
**COMPLAINT FOR DAMAGES**

EX 1-024